IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE HILLMAN GROUP, INC., | : | Case No. 1:13-cv-707 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING DEFENDANT'S |
| | : | MOTIONS TO DISMISS (Doc. 28, 29); |
| MINUTE KEY, INC., | : | GRANTING IN PART PLAINTIFF'S |
| | : | MOTION FOR LEAVE TO FILE |
| Defendant. | : | AMENDED COMPLAINT and |
| | : | MOTION TO FILE DOCUMENTS |
| | : | UNDER SEAL (Doc. 40, 42); and |
| | : | DENYING AS MOOT PLAINTIFF'S |
| | : | MOTION TO FILE AMENDED REPLY |
| | : | (Doc. 41). |

This action arises out of a patent dispute between Plaintiff Hillman Group, Inc. ("Hillman") and Defendant Minute Key, Inc. ("Minute Key").  Five motions are currently before the Court:  Minute Key's Motion to Dismiss Counterclaims (Doc. 28), Minute Key's Motion to Dismiss (Doc. 29), Hillman's Motion for Leave to File an Amended Complaint (Doc. 40), Hillman's Motion for Leave to File an Amended Reply to Minute Key's Counterclaim (Doc. 41), and Hillman's Motion for Leave to File Under Seal its First Amended Complaint, First Amended Reply to Minute Key's Counterclaim, and Two Related Motions for Leave to Amend (Doc. 42).

For the reasons stated below, Minute Key's motions to dismiss (Doc. 28, 29) are granted; Hillman's Motion for Leave to File an Amended Complaint and motion to file documents under seal (Doc. 40, 42) are granted in part; and Hillman's Motion to File an Amended Reply to Minute Key's Counterclaim (Doc. 41) is denied as moot.

**I.     BACKGROUND**

On October 1, 2013, Plaintiff Hillman filed a complaint against Defendant Minute Key, seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 8,532,809 B2.  (Doc. 1.)  The disputed patent, the '809 patent, pertains to self-service key duplication kiosks, which both parties manufacture.

According to Hillman, Minute Key made unsubstantiated allegations of infringement to Hillman in a September 10, 2013 letter, which alleged that Hillman's "Fast Key" key-duplicating kiosk system infringes several claims of the '809 patent and requested that Hillman terminate the alleged infringement immediately.  (Compl. Ex. B, Doc. 1-2 at PageID 81.)  In addition, Hillman alleges that Minute Key made unsubstantiated allegations to Walmart, Hillman's customer, "urging Walmart to replace the allegedly infringing Hillman machines with machines made by Minute Key."  (Doc. 1, p. 3, PageID 3.)  Hillman contends that Minute Key's representations to Walmart contained misrepresentation of facts, were made in attempt to obtain a business advantage, and have resulted in harm to Hillman's business.

On October 23, 2013, Minute Key filed an answer to the complaint and asserted a counterclaim of infringement against Hillman.  (Doc. 14.)  Minute Key subsequently filed a Motion to Dismiss its counterclaim with prejudice (Doc. 28) and Motion to Dismiss the case for lack of subject matter jurisdiction (Doc. 29), stating that the cost of going forward with its counterclaim outweighed the benefit of litigation.  According to Minute Key, no case or controversy will exist between the parties if the Court dismisses the infringement counterclaim with prejudice, thereby divesting the Court of subject matter jurisdiction.

After Hillman filed a response in opposition to the Motion to Dismiss the action (Doc. 33), Minute Key provided Hillman with a covenant not to sue. (Def.'s Reply to Pl's Opp'n Ex. A, Doc. 35-1 at PageID 321.) The covenant states as follows:

> Minute Key Inc. ("Minute Key") covenants not to assert a claim of patent infringement against The Hillman Group, Inc. ("Hillman") or its customers as to any claim of the United States Patent Nos. 8,532,809 ("the '809 Patent") or 8,634,951 ("the '951 Patent"). This covenant not to sue covers past and present activities by Hillman with respect to its FastKey key duplicating kiosk and its Key Express key duplicating kiosk. This covenant does not extend to products manufactured, sold or used by Hillman that are not commercially available as of this date. It does not include any modified versions of the FastKey or Key Express key duplicating kiosks that are substantially different than the current versions of these kiosks. In addition, this covenant does not include any other patents that Minute Key currently owns, may hereafter acquire or that may issue in the future.

(*Id.*) Minute Key maintains that the dismissal with prejudice of its counterclaim coupled with the covenant not to sue eliminates any case or controversy between the parties as to Hillman's claims of non-infringement and invalidity of the '809 patent.

On May 2, 2014, Hillman sought and was granted leave to file a surreply to Minute Key's Reply in support of its motion to dismiss. (Doc. 36.) Therein, Hillman concedes that Minute Key's covenant not to sue moots Hillman's declaratory judgment action for non-infringement of the '809 patent. However, the covenant not to sue, Hillman contends, does not divest the Court of jurisdiction to adjudicate Hillman's invalidity claim.

Finally, on March 9, 2014, Hillman filed a motion for leave to file an amended complaint and a motion for leave to file an amended reply to Minute Key's counterclaim. In the motion for leave to file an amended complaint, Hillman seeks to amend its complaint to include two additional claims under the Lanham Act, 15 U.S.C. § 1125, and Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02, based on information Hillman claims it obtained in discovery.

3

(Doc. 40.) In the motion for leave to amend its reply to Minute Key's counterclaim, Hillman seeks to add a counterclaim asking the Court to find that this case is "exceptional" under 35 U.S.C. § 285 and award Hillman attorney fees. (Doc. 41.)

## II.  MINUTE KEY'S MOTIONS TO DISMISS.

Minute Key has filed a motion to voluntarily dismiss with prejudice its infringement counterclaim and a motion to dismiss Hillman's declaratory judgment claims. (Doc. 28, 29.) For the reasons stated below, the motions are granted.

### A. Motion for Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2).

Minute Key first moves to voluntarily dismiss with prejudice its infringement counterclaim under Fed. R. Civ. P. 41(a)(2). (Doc. 28.) Hillman does not oppose the voluntary dismissal of Minute Key's counterclaim "on the condition that such dismissal does not prohibit independent adjudication of Hillman's first-filed declaratory judgment claims." (Doc. 32, p. 2, PageID 224.)

> Fed. R. Civ. P. 41(a)(2) provides that:
>
> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). The provisions of Rule 41(a) apply to the voluntary dismissal of counterclaims. Fed. R. Civ. P. 41(c). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d 716, 718 (6th Cir. 1994) (internal citations omitted). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound

4

discretion of the district court." *Id.* (citing *Banque de Depots v. Nat'l Bank of Detroit,* 491 F.2d 753, 757 (6th Cir. 1974)).[1]

In this case, Rule 41 does not prohibit granting Minute Key's motion to voluntary dismiss its infringement counterclaim. Rule 41(a)(2) operates to bar dismissal of a claim where the remaining claims lack an independent ground of jurisdiction. *See* Charles Alan Wright and Arthur R. Miller, 9 *Federal Practice and Procedure*, § 2365; *see also CIBER, Inc. v. CIBER Consulting, Inc.*, 326 F. Supp. 2d 886, 892 (N.D. Ill. 2004) ("Dismissal is prohibited when it would destroy federal jurisdiction over a counterclaim. Where an independent jurisdictional basis exists for a counterclaim, Rule 41(a)(2) does not bar dismissal of a plaintiff's claim.") (citation and quotation marks omitted); *Technimark, Inc. v. Crellin, Inc.*, 14 F.Supp. 2d 762, 767 (M.D.N.C. 1998) (same). Because Hillman's claims have a jurisdictional basis under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, Rule 41(a)(2) does not bar dismissal of Minute Key's counterclaim. *See Bioxy, Inc. v. Birko Corp.*, 935 F. Supp. 737, 740 (E.D.N.C. 1996). While the Court must next determine whether the Court has Article III jurisdiction over plaintiff's remaining declaratory judgment claims in light of the covenant not to sue, dismissal of Minute Key's counterclaim does not itself deprive the Court of jurisdiction over these claims. *See e.g., Technimark,* 14 F. Supp. 2d at 767 (finding that the court did not lack jurisdiction over a patent validity counterclaim by virtue of granting a motion for voluntary dismissal of the

---

[1] With regard to dismissals without prejudice, "[g]enerally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice,' . . . as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718. In determining whether a party would suffer plain legal prejudice, a court considers factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* However, "[i]t is generally considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice." *Degussa Admixtures, Inc. v. Burnett,* 471 F.Supp. 2d 848, 852 (W.D. Mich. 2007) (citing *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)); *Bioxy, Inc. v. Birko Corp.*, 935 F. Supp. 737, 741 (E.D.N.C. 1996) ("a voluntary dismissal with prejudice acts as an adjudication on the merits with full preclusive effect," which "usually precludes any legal prejudice").

plaintiff's infringement claim, but because no case or controversy existed concerning the patent); *Capitol Records, Inc. v. Foster*, No. 04-1569-W, 2006 WL 4558154, at *1 (W.D. Oklahoma July 13, 2006) (granting voluntary dismissal before considering whether a case or controversy existed over declaratory judgment counterclaims).

Accordingly, Rule 41(a)(2) does not prohibit the voluntary dismissal of Minute Key's infringement counterclaim, and the motion for voluntary dismissal with prejudice (Doc. 28) is GRANTED.

### B. Motion to Dismiss pursuant to Fed. R. Civ. P. 12(B)(1).

Minute Key also moves to dismiss Hillman's declaratory judgment claims pursuant to Fed. R. Civ. P. 12(B)(1). (Doc. 29.) According to Minute Key, in light of its covenant not to sue, no live case or controversy exists between the parties and the Court therefore lacks jurisdiction over the case. Hillman concedes that its non-infringement claim is mooted by the covenant, but maintains that the Court retains jurisdiction over its declaratory judgment invalidity claim.

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy with its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). The phrase "a case of actual controversy" in the Act refers to the case and controversy requirement of Article III of the Constitution. *Id.* at 127 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). "A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged 'under all circumstances, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient

6

immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune*, 549 U.S. at 126–27).

In the patent context, the Federal Circuit[2] has held that "a covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties." *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010). *See also Benitec*, 495 F.3d 1340 (Fed. Cir. 2007); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), *Armana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999). However, "whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). "[A] covenant not to sue for any infringing acts involving products 'made, sold, or used' on or before the filing date is sufficient to divest a trial court of jurisdiction over a declaratory judgment action." *Armana,* 172 F.3d at 855.

In this case, Minute Key has withdrawn its infringement claim against Hillman and pledged not to sue Hillman or its customers as to any claim under the '809 patent for past and present activities with respect to its FastKey and Key Express kiosks. As noted above, Hillman concedes that the covenant divests the Court of jurisdiction over its non-infringement claim. However, Hillman advances several arguments in support of its position that, under all the

---

[2] "Whether an actual case or controversy exists so that a district court may entertain an action for a declaratory judgment of non-infringement and/or invalidity is governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.* 673 F.3d 1372, 1377 (Fed. Cir. 2012) (citations omitted).

7

circumstances presented in this case, that the Court retains jurisdiction over Hillman's validity claim.

Hillman first argues that a live case or controversy exists because Hillman still faces the possibility of suit from Minute Key's successors-in-interest. According to Hillman, "[s]hould Minute Key assign its rights in the '809 patent to another party, that party may bring an infringement suit against Hillman." (Doc. 39, p. 4, PageID 378.) However, in *Inline Connection Corp. v. Atlantech Online, Inc.*, 85 F. App'x 767, 769 (Fed. Cir. Jan. 16, 2004), the Federal Circuit rejected precisely this argument, finding that "[f]uture disputes relating to Atlantech's successors in interest and others in privity with Atlantech are just that–future disputes. They must be left to future cases and are not ripe for consideration in this case." *See also Vision Biosystems Trading, Inc. v. Ventana Medical Systems,* No. A 03-10391-GAO, 2004 WL 2387284, at *11 (D. Mass. Sept. 30, 2004) (citing *Inline*, amongst other Federal Circuit cases, in support of its finding that the possibility that the plaintiff "might transfer certain interests in the future to an unidentified third party remains remote and speculative and does not demonstrate a live controversy between the present parties").

Hillman next claims that the Court retains jurisdiction over its validity claim by virtue of the covenant's failure to cover any modified versions of the FastKey or Key Express key duplicating kiosks that are substantially different than the current versions of those kiosks. Hillman contends that it continually makes improvements to the accused infringing kiosks. Without an adjudication on the '809 patent, Hillman claims that "[w]hen contemplating improvements to its kiosks, Hillman will be forced to subjectively weigh whether a software update or other change turns the FastKey and/or Key Express kiosks into 'substantially different' kiosks that could trigger an infringement suit by Minute Key." (Doc. 39, p. 6, PageID 380.) In

8

support of its position, Hillman relies on the deposition testimony of Minute Key's CEO, who testified that Hillman has made improvements to its machines over the course of time. (Fagundo Dep. 84, 90, Doc. 39-2 at PageID 395–96.) As argued by Minute Key, Hillman otherwise fails to submit any evidence that it has designed and is prepared to release updated, potentially infringing versions of its Fast Key or Key Express products not covered by the covenant, nor has it specified when it anticipates doing so. *See e.g. Commercial Recovery Corp. v. Bilateral Credit Corp., LLC*, 2013 WL 8350184, at *4 (S.D.N.Y. Dec. 19, 2013) (finding unspecified "improvements" in the "near future" to be vague aspirations insufficient to show a real, immediate dispute); *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F. Supp.2d 645, 651 (M.D. Pa. 2008) ("The Federal Circuit has held, both before and after the Supreme Court's *MedImmune* decision, that the mere possibility that a declaratory judgment plaintiff might develop infringing products in the future does not establish a basis for declaratory judgment jurisdiction.") (collecting cases). The evidence before the Court does not demonstrate a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Under the circumstances, such a judgment would be nothing more than an impermissible advisory opinion. *See Bioxy,* 935 F.Supp. at 741 ("It is not the role of the federal courts to directly supervise the functions of the patent office by rendering advisory opinions as to the correctness of patent awards.").

As the Supreme Court has noted, "Plaintiff may not . . . obtain a declaratory judgment merely because it would like an advisory opinion on whether it would be liable for patent infringement if it were to initiate some merely contemplated activity. Plaintiff must be engaged in an actual making, selling, or using activity subject to an infringement charge or must have made meaningful preparation for such activity." *Arrowhead*, 846 F.2d 736. "[A]n actual

9

controversy cannot be based on a fear of litigation over future products." *Armana*, 172 F.3d at 855–56 (holding that fear over suit over "new products 'in the pipeline,' but not advertised, manufactured, marketed, or sold before the filing date" failed to demonstrate the continued existence of an actual case or controversy); *Super Sack*, 57 F.3d at 1060 ("The residual possibility of a future infringement suit based on . . . future acts is simply too speculative a basis for jurisdiction over. . . [a] counterclaim for declaratory judgments of invalidity."). "If a declaratory judgment plaintiff has not taken significant, concrete steps to conduct infringing activity, the dispute is neither immediate nor real and the requirements for justiciability have not been met." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 880 (Fed. Cir. 2008) (internal quotation marks and citations omitted).

Lastly, Hillman attempts to establish jurisdiction based upon Minute Key's alleged gamesmanship and bad faith business practices. Hillman contends that "[i]f Minute Key's Motion to Dismiss for lack of subject matter jurisdiction is granted, Minute Key will be provided a blueprint for how to gain new business: allege that a competitor infringes the '809 patent to customers, then employ procedural and semantic gamesmanship while pleading poverty to skirt responsibility for its false statements." (Doc. 39, pp. 7–8, Page ID 381–82.) According to Hillman, Minute Key's conduct is exactly the "'extra-judicial patent enforcement with scare-the-customer-and-run tactics' that the Declaratory Judgment Act was intended to obviate." (*Id.* at 382) (quoting *SanDisk Corp. v. STMmicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007)).

Contrary to Hillman's position, its allegations regarding gamesmanship and/or unfair business practices do not provide this Court with jurisdiction to determine the validity of the

10

'809 patent.[3] To the extent that Hillman seeks to hold Minute Key accountable for improper business tactics and unfair litigation practices, it may do so through its amended complaint, under Ohio's Deceptive Trade Practices Act and the Lanham Act.  If Hillman succeeds in proving its allegations, these claims can provide recourse for Hillman's alleged damages to its business as well as provide a check on any abusive litigation practices.  *See Already, LLC v. Nike, Inc.*, __ U.S. __, 133 S.Ct. 721, 731 (2013) (observing that "the Lanham Act provides some check on abusive litigation practices by providing for an award of attorney's fees in 'exceptional cases.'").  However, Hillman's claims are insufficient to establish a current case or controversy between the parties regarding the validity of the '809 patent.

For the above reasons, Minute Key's Motion to Dismiss (Doc. 29) is GRANTED.

### III.  HILLMAN'S MOTIONS TO AMEND.

Finally, Hillman has filed two motions to amend.  First, Hillman seeks to file a first amended complaint to add claims under the Lanham Act, 15 U.S.C. § 1125, and the Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02.  (Doc. 40.)  Hillman has also filed a motion for leave to amend its reply to Minute Key's answer and counterclaim to add a counterclaim asking the Court to find that this case is "exceptional" under 35 U.S.C. § 285 and award Hillman attorney fees.  (Doc. 41.)

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings.  A complaint may be amended once as a matter of course within twenty-one days of service of

---

[3] Hillman's reliance on *SanDisk* is misplaced, as the Court finds the case distinguishable from the instant action.  In *SanDisk*, the Federal Circuit found that the defendant's statement that it "has absolutely no plan whatsoever to sue SanDisk" did not eliminate a justiciable controversy in light of the defendant's course of conduct that showed a willingness to enforce its patent rights.  *SanDisk*, 480 F.3d at 1382–83.  Critically, the defendant in *SanDisk* did not provide the plaintiff with a covenant not to sue.  As the Federal Circuit has observed, the defendant "only stated that it did not *intend* to sue SanDisk; it did not say that it *would not* sue SanDisk in the future for its alleged infringement."  *Benitec*, 495 F.3d at 1347 (emphasis in original).

11

responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). Thereafter, a plaintiff may amend the complaint either with consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [for a party to amend the pleadings] when justice so requires."

After due consideration of Hillman's motion for leave to file an amended complaint and Minute Key's opposition,[4] the Court GRANTS Hillman's motion to amend (Doc. 40) to the extent that Hillman may amend the complaint to add claims under the Lanham Act and the Ohio Deceptive Trade Practices Act. For the reasons stated above, the Court is without jurisdiction to consider the Declaratory Judgment Act claims for non-infringement and invalidity of the '809 patent, which Hillman reasserts in the amended complaint. The Court therefore denies the motion with respect to those claims and Hillman may proceed in this action with its Lanham Act and Deceptive Trade Practices Act claims.

Hillman's motion for leave to amend its reply to Minute Key's counterclaim is moot in light of Minute Key's voluntary dismissal of its counterclaim. In addition, Hillman has already

---

[4] Minute Key contends that the Court does not have jurisdiction to grant the motion to amend because the Court is without jurisdiction over Hillman's declaratory judgment claims. However, although the Court has determined that it is without jurisdiction to consider Hillman's declaratory judgment claims, the Court still retains jurisdiction over the case by virtue of Hillman's request under 35 U.S.C. § 285. (*See* Doc. 1, p. 6, PageID 6.); *Highway Equipment Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1033 n.1 (Fed. Cir. 2006) ("While the covenant may have . . . deprived the district court of Article III jurisdiction . . . the covenant does not deprive the district court of jurisdiction to determine the disposition of . . . the request for attorney fees under 35 U.S.C. § 285.").

requested attorney fees under 35 U.S.C. § 285 in this action in both its original and amended complaint. Accordingly, the motion (Doc. 41) is DENIED as moot.

Hillman's related, unopposed Motion to File Under Seal its First Amended Complaint, First Amended Reply to Minute Key's Counterclaim, and Two related Motions for Leave to Amend (Doc. 42) is also GRANTED to the extent that Hillman may file under seal its Motion for Leave to Amend Its Complaint and supporting Memorandum of Law and First Amended Complaint.

IT IS SO ORDERED.

Date: <u>August 15, 2014</u>                  <u>S/Susan J. Dlott</u>
Susan J. Dlott, Chief Judge
United States District Court

13