IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE HILLMAN GROUP, INC., | : | Case No. 1:13-cv-707 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | ORDER DENYING DEFENDANT'S |
| MINUTE KEY, INC., | : | MOTION TO TRANSFER VENUE |
| | : | (Doc. 61.) |
| Defendant. | : | |

This matter is before the Court on Defendant Minute Key, Inc.'s ("Minute Key") Motion to Transfer Venue (Doc. 61), Plaintiff Hillman Group, Inc.'s ("Hillman") Opposition (Doc. 62), and Minute Key's Response (Doc. 64).  For the following reasons, Minute Key's Motion to Transfer Venue is DENIED.

**I.  BACKGROUND**

This action originally arose as a patent dispute between the parties concerning key duplication kiosks.  On October 1, 2013, Hillman filed a complaint against Minute Key, seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 8,532,809 B2.  After answering the complaint and asserting a counterclaim of infringement against Hillman, Minute Key moved to dismiss its counterclaim with prejudice and dismiss the case for lack of subject matter jurisdiction.  Minute Key provided Hillman with a covenant not to sue and maintained that the dismissal with prejudice of its counterclaim, coupled with the covenant not to sue, eliminated any case or controversy between the parties.  Hillman opposed dismissal of the action and sought to amend its complaint to include two additional claims under the Lanham Act, 15 U.S.C. § 1125, and the Ohio Deceptive Trade Practices Act (ODTPA), Ohio Rev. Code § 4165.02.

On August 15, 2014, the Court granted Minute Key's motion to voluntarily dismiss its infringement counterclaim. In light of the voluntary dismissal and the covenant not to sue, the Court also found that it no longer had jurisdiction over Hillman's patent claims[1] and granted Minute Key's motion to dismiss with respect to Hillman's declaratory judgment claims. Finally, the Court granted Hillman leave to file an amended complaint. The Court noted that Hillman's request for the Court to find the case exceptional and award attorney fees under 35 U.S.C. § 285 remained pending.

Hillman filed an amended complaint on September 9, 2014, asserting claims under the Lanham Act and ODTPA. In short, Hillman claims that Minute Key knowingly made false and misleading representations of fact concerning Hillman's FastKey kiosk to Walmart—the parties' mutual customer—in order to gain a business advantage.

## II.     MINUTE KEY'S MOTION TO TRANSFER VENUE

Minute Key now moves the Court to transfer this case pursuant to 28 U.S.C. § 1404(a). According to Minute Key, Hillman's remaining claims are based on communications external to Ohio: from Minute Key in Colorado to Walmart in Arkansas. (Doc. 61 at PageID 1648.) Minute Key further contends that transfer is appropriate because there are no claims directed to actions in Ohio pending before this Court and all salient witnesses, as well as relevant books and records, are located outside this Court's jurisdiction. (*Id.* at PageID 1649–51.) Based on the

---

[1] Hillman conceded that the covenant not to sue divested the Court of jurisdiction over its non-infringement claim, but argued the Court still had jurisdiction to determine the validity of the patent.

above factors,[2] Minute Key argues this matter should be transferred to District of Colorado or the Western District of Arkansas.

Hillman opposes the motion.  As Hillman sees it, Minute Key's motion erroneously relies on several false assumptions.  First, Hillman claims that there is a pending claim directed to actions in Ohio before the Court—namely, Hillman's claim for attorney fees under § 285 related to Minute Key's infringement counterclaim filed in this action.  Hillman argues that this claim involves common facts, evidence, and witnesses with the Lanham Act and ODTPA claims.  Observing that Minute Key has not moved to transfer the § 285 claim, Hillman argues that transfer of the remaining claims invites multiplication of litigation and is not in the interest of justice.  Second, Hillman contests Minute Key's claim that a substantial portion of the operative facts surrounding its claims did not take place within this judicial district.  Hillman notes that in addition to the alleged harm suffered in Ohio, "more than a dozen communications were exchanged to or from Ohio between Minute Key, Walmart, and Hillman that are directly relevant to Hillman's causes of action."  (Doc. 62. at PageID 1678.)  Hillman further contends that Minute Key's arguments regarding the convenience of witnesses assumes that no Hillman witnesses will testify and ignores the fact that Hillman's marketing and sales personnel are located in Cincinnati.

**A. Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The burden

---

[2]  Minute Key also argues that the ease of trial and the relative congestion of this district versus Colorado favor transfer.  (*Id.* at PageID 1651–53.)

of proving why a court should grant a transfer falls on the moving party. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995); *Kay v. National City Mortg. Co.*, 494 F.Supp.2d 845, 849–50 (S.D. Ohio 2007). The threshold issue is whether the action could have been brought in the transferee district. *Kay*, 494 F. Supp. 2d at 849. If so, "the issue becomes whether transfer is justified under the balance of the language of § 1404." *Id.* When considering a motion to transfer venue, a district court should consider the convenience of the parties, the convenience of potential witnesses, and the interests of justice. *Moses v. Business Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir.1991). In evaluating these factors, the Court must be mindful that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH America LLC,* 574 F.3d 315, 320 (6th Cir. 2009).

**B. Analysis**

In this case, Hillman does not dispute that this matter could have been brought in the District of Colorado, as that district is the location of Minute Key's principal place of business.[3] (Doc. 62 at PageID 1679.) However, Hillman maintains that Minute Key fails to meet its burden of demonstrating that the alternate forums are more convenient or that this matter should otherwise be transferred.

The Court agrees, as Minute Key has failed to make the requisite showing of inconvenience. As argued by Hillman, a substantial portion of the sequence of events and operative facts underlying its claims occurred in this District. This includes Minute Key filing an infringement counterclaim in this action, which serves as the basis for Hillman's pending § 285

---

[3] Although Hillman expresses doubt about whether it could have brought this action in Arkansas, it takes the position that, regardless, the venue would make litigation more inconvenient for all parties. (Doc. 62 at PageID 1695–96.)

claim. Furthermore, the Court is satisfied that any added convenience to Minute Key's witnesses as a result of transferring this matter would be offset by inconvenience to Hillman and its witnesses. *Van Dusen v. Barrack*, 376 U.S. 612, 645–646 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."). Minute Key offers no evidence that its witnesses are unable or unwilling to provide testimony at a trial in this District. *See Armco, Inc. v. Reliance Nat. Ins. Co.*, 1:96-cv-1149, 1997 WL 311474, at *5 (S.D. Ohio May 30, 1997) (noting that in order to meet its burden of proof, the moving party must submit evidence indicating that their witnesses have refused to attend trial in the Southern District). Finally, the Court does not find that the interests of justice weigh heavily in favor of transfer. The Court has already expended significant judicial resources in this case, which the parties have adjudicated in the Southern District of Ohio since October of 2013.

A district court has broad discretion when considering motions to transfer venue under 28 U.S.C. § 1404. *Hayes v. Chesapeake & Ohio Railway Co.,* 374 F. Supp. 1068 (S.D. Ohio, 1973). Having reviewed the facts of this case, the Court finds that Minute Key has not made a strong showing of the inconvenience of Hillman's choice of forum. Therefore, for these reasons stated above, Minute Key's Motion to Transfer Venue (Doc. 61) is DENIED.

IT IS SO ORDERED.


          S/Susan J. Dlott
          Judge Susan J. Dlott
          United States District Court