IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE HILLMAN GROUP, INC., | : | Case No. 1:13-cv-00707 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ORDER DENYING** |
| | : | **MINUTE KEY'S REQUEST** |
| MINUTE KEY INC., | : | **FOR A CLAIM CONSTRUCTION** |
| | : | **OF THE '809 PATENT** |
| Defendant. | : | |
| | : | |

The Court held a Final Pretrial Conference in this civil action on July 8, 2016. At that time, and in the wake of the Order Denying Defendant's Motion for Summary Judgment (Doc. 136), the Court agreed to allow the parties to brief the issue of whether a claim construction of U.S. Patent No. 8,532,809 B2 ("the '809 Patent") is necessary before proceeding to trial on August 22, 2016. Defendant Minute Key Inc. ("Minute Key") argues that it is (Doc. 138), while Plaintiff The Hillman Group, Inc. ("Hillman") maintains that it is not (Doc. 139). The Court agrees with Hillman, and decides that Hillman's unfair competition claims under the Lanham Act and Ohio's Deceptive Trade Practices Act ("ODTPA") can proceed without a claim construction of the '809 Patent.

I.      **Procedural Background**

This litigation began as a patent case. Hillman filed a Complaint against Minute Key, seeking a declaratory judgment of non-infringement and invalidity of the '809 Patent. (Doc. 1.) Minute Key answered and asserted a counterclaim of infringement. (Doc. 14.) In an effort to conclude the dispute, Minute Key moved to dismiss its counterclaim with prejudice (Doc. 28)

1

and to dismiss the case for lack of subject-matter jurisdiction (Doc. 29). Hillman opposed both motions (Docs. 32, 33), prompting Minute Key to provide Hillman with a covenant not to sue. (Doc. 35-1 at PageID 321.) Thereafter, Hillman conceded that the covenant not to sue divested the Court of jurisdiction over its non-infringement claim, but argued that jurisdiction remained to determine the validity of the patent. (Doc. 39 at PageID 1380–381.) At this point Hillman also filed a motion to amend its Complaint to add claims under the Lanham Act and ODTPA. (Doc. 40.)

The Court granted Minute Key's motion to voluntarily dismiss its infringement counterclaim. (Doc. 55 at PageID 770–772.) And, in light of the voluntary dismissal and the covenant not to sue, the Court determined that it no longer had jurisdiction over Hillman's remaining invalidity claim and granted Minute Key's Rule 12(b)(1) motion to dismiss. (*Id.* at PageID 772–777.) However, the Court also granted Hillman leave to amend its Complaint to add the Lanham Act and ODTPA claims. (*Id.* at PageID 777–779.) Thus, pending since September 2014 are Hillman's allegations that Minute Key knowingly made false and misleading representations of fact concerning Hillman's FastKey kiosk to Walmart—the parties' mutual customer—in order to gain a business advantage. (Docs. 56 (SEALED)/58.)

Recently, Minute Key moved for summary judgment. (Docs. 118 (SEALED)/119.) It argued that Hillman could not establish the first element of proof in a Lanham Act case, urging that its communications with Walmart regarding patent infringement by Hillman were statements of opinion rather than statements of fact. It also argued that, regardless, the statements were not sufficiently disseminated. In addition, Minute Key maintained that Hillman could not demonstrate that Minute Key's claim of patent infringement was "objectively baseless." *See GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1375 (Fed. Cir. 2007). Finally, Minute Key

contended that Walmart's license agreement with Hillman concerning placement of Hillman's FastKey kiosks undermined recovery of any damages sought in connection with its unfair competition claim. With respect to each premise, the Court concluded that genuine issues of material fact exist. Accordingly, Minute Key's motion was denied. (Doc. 136.)

### II.     Question Presented

At the July 8 conference, considerable discussion took place regarding whether the Court needs to conduct a claim construction of the '809 Patent, otherwise known as a *Markman*[1] hearing, before Hillman's federal and state claims of unfair competition can be presented to a jury. The statements that Hillman believes are actionable are statements about patent infringement. To prevail, therefore, Hillman must demonstrate that the statements were "objectively baseless" as part of the *Zenith*[2] bad-faith requirement. *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1375 (Fed. Cir. 2007) (citing *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1375 (Fed. Cir. 2004)). That determination depends, in turn, on whether the infringement accusation was "so unreasonable that no reasonable litigant could believe it would succeed." *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011). In Minute Key's view, Hillman cannot establish objective baselessness without first proving that its FastKey kiosk does not infringe the minuteKEY kiosk. And to meet that burden, Minute Key insists that the claim terms in dispute must be construed by the Court in advance of the trial.

Hillman counters that a claim construction is not necessary when the claim terms—here, "fully-automatic" and "fully automatic"—are clear on their face. *Procter & Gamble Co. v. CAO Grp., Inc.*, No. 1:13-cv-337, 2014 WL 2117047, at *8–9 (S.D. Ohio May 21, 2014) (Black, J.)

---

[1] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).
[2] *Zenith Elec. Corp. v. Exzec, Inc.*, 182 F.3d 1340 (Fed. Cir. 1999).

3

(despite dispute of the parties over a claim term, "the Court finds that the phrase is clear on its fact and does not require construction"); *see also IOEngine, LLC v. Interactive Media Corp.*, Nos. 14-1571-GMS, 14-1572-GMS, 2016 WL 1121938, at *1 n.44 (D. Del. Mar. 21, 2016) ("The court rejects the proposals of [the parties], which do nothing to improve the meaning of claim terms that are already clearly understood when read in the context of the claim overall.") Indeed, to do so, Hillman believes, would usurp the role of the jury. *Best Mgmt. Prods., Inc. v. New England Fiberglass, L.L.C.*, No. 07-151-JL, 2008 WL 2037349, at *8 n.10 (D.N.H. May 12, 2008) ("[C]ourts must guard against [ ] 'over-construction' of patent claims. An overly precise or specific interpretation of claim language, especially language with a plain meaning, may be deemed excessive in that it invades the province of the trier of fact.") (citation and quotation omitted).

Hillman also maintains that the Court should decline to construe the claim terms because the technical people skilled in the art used them consistent with their plain meaning. *Nomadix, Inc. v. Hospitality Core Servs. LLC*, No. CV 14-08256DDP (VBKx), 2016 WL 344461, at *4 (C.D. Cal. Jan. 27, 2016) (holding that when a "term has an ordinarily understood meaning" used consistently in the art, "there is no reason to depart from this ordinary meaning" and thus no need to construe the term). Minute Key representatives repeatedly characterized their own kiosk as being fully automatic because it does not require user involvement, and Hillman agrees. And they repeatedly characterized Hillman's FastKey kiosk as *not* fully automatic because it *does* require user involvement, and Hillman again agrees. Accordingly, Hillman contends there was no dispute at the time the infringement statements were made among those of skill in this art as to what "fully automatic" does and does not cover. (*See* Doc. 108 at PageID 2627(45:1)–2628 (47:4) (testimony of Dani Freeman, Minute Key Vice President of Engineering and the '809

4

Patent inventor, that the FastKey kiosk is not fully automatic because "there are various manual operations required," referring to the need for the customer to retrieve and insert a key blank); Doc. 109 at PageID 2649 (42:21-45:1) (testimony of Shawn Jones, former Walmart Director of Leasing Operations, that the FastKey kiosk was not 100% automated because it requires the customer to insert a key blank); Doc. 113 at PageID 2977 (377:11-379:25) (testimony of Gary Seeds, Hillman Senior Vice President of Sales, that he believed the minuteKEY kiosk was automated, but FastKey was not because "the consumer has to retrieve the key and insert it into the cutting mechanism"); Doc. 124 at PageID 5135 (76:15)–5137 (78:25) & PageID 5337 (278:6)–5338 (279:12) (testimony of Chris Lohmann, Minute Key Vice President of Marketing, describing on Facebook and to Walmart that its kiosk was automated but FastKey was nonautomated because when "the key is dispensed, then you have to put it in the cutter").)

Upon consideration, the Court concurs with Hillman that a claim construction is not necessary. The claim terms "fully-automatic" and "fully automatic" are not technically complex and have a plain meaning that a jury, the rightful trier of fact, can and will understand. *See Orion IP, LLC v. Mercedes-Benz USA, LLC*, 513 F. Supp. 2d 720, 732 (E.D. Tex. 2007) (stating that when the ordinary meaning of a claim term—"questions"—is apparent, "there is no need to construe the term, much less to stringently limit the meaning of [it] as Defendants would like") (quoting from a previous *Markman* opinion).

Instructive is *Lugas IP, LLC v. Volvo Car Corp.*, No. 12-2906, 2015 WL 1399175 (D.N.J. Mar. 26, 2015), a patent infringement case in which the successful defendants moved to declare the matter "exceptional" pursuant to 35 U.S.C. § 285 as a precursor to an award of attorneys' fees. The *Lugus* patent covered a child safety seat that "automatically" retracted when the child was lifted from the seat. *Id.* at *2. Volvo's accused infringing child safety seat,

however, required manual interaction to retract the seat after the child was lifted. *Id.* at *2–3. Admittedly, the *Lugas* court previously had held a *Markman* hearing, and one of the terms construed was "automatically." *Id.* at *3. But on the issue of whether Plaintiff's infringement claim was "objectively baseless," the court made this telling observation with regard to claim construction:

> [A]s was most heavily debated during litigation, while Plaintiff's product retracts "automatically" once the child is lifted from the seat, Defendants' product can only be fully stowed by **manually** pulling a lever and **manually** pushing the seat down into its stowed position, all after the child is removed. **These basic [facts] should have made clear to Plaintiff that Defendants' product could not reasonably infringe Plaintiff's patent.**
>
> **Nonetheless, Plaintiff proceeded through claim construction and summary judgment to argue that Defendants' product operated "automatically[.]"**

*Id.* at *4 (citations omitted) (emphases added). It also rejected the notion that the Volvo seat could infringe because *part* of it operated automatically, because that argument failed to refute "the basic fact that Defendants' product could not transform into 'a fully contoured adult seat' without manual intervention from the user—a fact that precluded a finding of patent infringement **from the very beginning**." *Id.* at *5 (emphasis added).

Among other things, a jury will be asked to decide whether a reasonable litigant could have believed it would succeed on the infringement allegations made in 2013 by Minute Key to Walmart about Hillman. That question can be answered without construing the plain language claim terms "fully-automatic" and "fully automatic" in the '809 Patent some three years after the allegations were made. Accordingly, Defendant Minute Key's request for a claim construction of the '809 Patent (Doc. 138) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated:  July 21, 2016             S/Susan J. Dlott

                                  Judge Susan J. Dlott
                                  United States District Court