UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE HILLMAN GROUP, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:13-cv-707-SJD |
| vs. ) | |
| ) | Judge Susan J. Dlott |
| MINUTE KEY INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE DISTINGUISHING BETWEEN TYPES OF WALMART STORES**

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, Defendant Minute Key Inc. ("Minute Key") hereby moves this Court for an order barring The Hillman Group, Inc. ("Hillman") from referring to, presenting testimony about, questioning witnesses concerning, or attempting to introduce evidence that distinguishes between different types of stores owned by Walmart.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE HILLMAN GROUP, INC. | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 1:13-cv-707-SJD ) ) Judge Susan J. Dlott |
| MINUTE KEY INC., | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE DISTINGUISHING BETWEEN TYPES OF WALMART STORES**

I.      INTRODUCTION

The Hillman Group, Inc. ("Hillman") alleges that "Walmart capped Hillman at its initial 1000 stores" and awarded all additional stores to Minute Key Inc. ("Minute Key"), instead of Hillman's FastKey, based on Minute Key's infringement allegations.  (D129/P6759.)  However, the evidence shows that *after* Walmart learned of the infringement allegations, Walmart offered Hillman the opportunity to install *more* FastKey machines in Walmart stores beyond the initial 1000, but Hillman declined to accept that business.  *See, e.g.*, DX-1113 (D118-50/P3726-28); DX-1198 (D118-51/P3729-30); DX-1199 (D118-52/P3731-33); D112/P2931-32 at 208:19-210:10; D112/P2933-34 at 217:21-219:4; D115/P3212 at 235:8-14; D115/P3213-15 at 239:10-240:23, 244:25-248:12.

Minute Key expects that Hillman will attempt to ameliorate this damning evidence by offering evidence to distinguish between Walmart's different *types* of stores and that Walmart's offer to install additional FastKeys was for Walmart's Neighborhood Market Stores and not, for example, for Walmart's Supercenter stores.  *See, e.g.*, D112/P2931-32 at 208:19-210:10; D115/P3213 at 240:16-241:8.  Such evidence should not be allowed because the distinction is irrelevant and likely to confuse the jury.  Walmart Neighborhood Market Stores *are* Walmart stores.  *See, e.g.*, D114/P3100 at 162:4-6.  For the reasons below, Minute Key respectfully requests that the Court enter an order barring Hillman from introducing any evidence to distinguish between different types of Walmart stores as irrelevant and also as presenting a risk of misleading and confusing the jury that is outweighed by any probative value such evidence may have.

## II. ARGUMENT

### A. Evidence Distinguishing Walmart Stores Should Be Excluded Because It Is Irrelevant

Federal Rule of Evidence 401 defines relevant evidence as evidence having "any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Pursuant to Federal Rule of Evidence 402, "irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Here, distinction between Walmart's stores is irrelevant and thus inadmissible.

That Walmart offered to install FastKeys in Walmart Neighborhood Market Stores versus Walmart Supercenters is irrelevant to the issue of whether Hillman was capped at 1000 *Walmart* stores caused by Minute Key's infringement allegations.  This is not a case about Hillman's business with Walmart Supercenters as opposed to other Walmart stores, and evidence distinguishing between them is inadmissible.

### B. Evidence Distinguishing Walmart Stores Should Be Excluded Because It Will Mislead And Confuse The Jury

Even if evidence distinguishing the Walmart stores by type has some minor relevance, which it does not, its low probative value is outweighed by the risk that it will mislead and confuse the jury.  Rule 403 of the Federal Rules of Evidence states, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury[.]"  Fed. R. Evid. 403.  Introduction of evidence that distinguishes the Walmart stores offered, or not offered, to Hillman into different types will only serve to distract the jury from the ultimate issues.  The jury will be misled into believing that the distinction between Supercenters and Neighborhood Market Stores has some legal or factual significance in this matter.

2

Furthermore, this case involves a long procedural history and issues relating to patent law. Comprehending the relevant facts in this case will be challenging enough for the jury, and adding irrelevant distinctions will only complicate the case and confuse the jurors. To avoid this confusion and allow the jury to consider the already complicated relevant facts, the distinction between Walmart Supercenters and Walmart Neighborhood Markets must be excluded.

### III.  CONCLUSION

Based on the aforementioned authority and facts, Minute Key respectfully requests that this Court exclude all such evidence pursuant to Federal Rules of Evidence 401, 402, and 403. Minute Key respectfully requests that this Court enter an order precluding Hillman's counsel and witnesses from suggesting that there is a significant difference between Walmart Supercenters and Walmart Neighborhood Markets.

Dated:  August 8, 2016

Respectfully submitted,

/s/ Thomas R. Goots

Robert P. Ducatman (0003571)
rducatman@jonesday.com
Thomas R. Goots (0066010)
trgoots@jonesday.com
Anthony T. Jacono (0072830)
atjacono@jonesday.com
Kristin S.M. Morrison (0085004)
kmorrison@jonesday.com
JONES DAY
NorthPoint
901 Lakeside Avenue
Cleveland, OH  44114.1190
Telephone:  +1.216.586.3939
Facsimile:  +1.216.579.0212

*Attorneys for Defendant Minute Key Inc.*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed electronically on August 8, 2016. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Thomas R. Goots*
> An Attorney for Defendant