IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE HILLMAN GROUP, INC., | : | Case No. 1:13-cv-00707 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | |
| MINUTE KEY INC., | : | |
| Defendant. | : | |

**VERDICT FORM**
**September 6, 2016**

For the following Question, is it your <u>unanimous</u> verdict that:

1. Hillman has proved, by a preponderance of the evidence:

    That Minute Key made a false or misleading statement of fact in commercial advertising or promotion to Walmart about Hillman's FastKey kiosk? <u>AND</u>

    That Minute Key's statement actually deceived, or was likely to deceive, Walmart? <u>AND</u>

    That Minute Key's deception was material in that it was likely to influence purchasing decisions by Walmart? <u>AND</u>

    That Minute Key's statement resulted in actual or probable injury to Hillman?

    __X__ YES  ____ NO

*If your answer is NO to Question No. 1, skip the remaining Questions, sign and date this Verdict Form on page 5, and tell the Courtroom Deputy, Mr. Miller, that you have reached a verdict.*

*If your answer to Question No. 1 is YES, please answer Question No. 1(a) and then go on to the next page.*

1(a). Is it your <u>unanimous</u> verdict that Hillman proved, by a preponderance of the evidence, that Minute Key's statement was literally false, or did it prove, by a preponderance of the evidence, that Minute Key's statement was true-but-misleading?

__X__ LITERALLY FALSE   ____ TRUE-BUT-MISLEADING

2

For the following Question, is it your <u>unanimous</u> verdict that:

2. Hillman has proved, by clear and convincing evidence:

   That Minute Key knew that Hillman's FastKey kiosk did not infringe the '809 patent but nonetheless represented to Walmart that it did?

   __X__ YES  ____ NO

*If you answered YES to Question No. 2, please go on to the next page. If you answered NO to Question No. 2, please answer Question No. 3.*

For the following Question, is it your <u>unanimous</u> verdict that:

3. Hillman has proved, by clear and convincing evidence:

   That no reasonable company could have expected to succeed on the merits of a patent infringement lawsuit brought by Minute Key against Hillman for infringement of the '809 patent by Hillman's FastKey kiosk? <u>AND</u>

   That Minute Key's allegation of patent infringement regarding Hillman's FastKey kiosk was made to Walmart in subjective bad faith?

   ____ YES  ____ NO

*If you answered NO to Question No. 3, skip the remaining Questions, sign and date this Verdict Form on page 5, and tell the Courtroom Deputy, Mr. Miller, that you have reached a verdict.*

*If you answered YES to Question No. 3, please go on to the next page.*

3

*If you answered YES to Question Nos. 1 and 2, or if you answered YES to Question Nos. 1 and 3, you may consider whether Hillman is entitled to any damages.*

4. To what amount of damages, if any, is Hillman entitled because of the "rollout freeze" at Walmart? $ 164,072

5. To what amount of damages, if any, is Hillman entitled because of lost placement of FastKey kiosks beyond the initial 1,000 awarded by Walmart from February 2014 to the present? $ 0

6. To what amount of Minute Key profits, if any, is Hillman entitled because of Minute Key kiosk placements beyond the initial 400 awarded by Walmart? $ 0

*Please go on to the next page.*